OPINION AND JOURNAL ENTRY
Pro-se Notice of Appeal was filed in this matter on March 11, 2002 directed to an order of February 26, 2002 dismissing appellant's post-conviction petition after determining it presented no substantive grounds for relief.
For the following reasons this Court must affirm this decision.
On June 17, 1997 appellant was convicted of multiple counts of rape and gross sexual imposition. He was sentenced to consecutive sentences on each count, including life imprisonment on one count. His direct appeal was affirmed by this Court on September 27, 2001.
The docket record further reflects that the transcript of proceedings of the trial was filed on November 19, 1997. On March 3, 2000 a supplemental transcript of proceedings was filed. Under R.C. 2953.21(A)(2):
 "(2) A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the Supreme Court."
Appellant filed a post-conviction petition on December 31, 2001, which, upon the State's motion, was dismissed on January 22, 2002 by the trial court as being untimely filed. Appellant then filed another post-conviction petition on February 8, 2002. The State moved to dismiss pursuant to R.C. 2953.23(A), contending Appellant's petition failed to set forth any allegations to comply with the statute. On February 26, 2002 the trial court found that the petition lacked merit, and dismissed Appellant's second petition. This appeal followed.
It is evident on the docket record before this Court that Appellant failed to timely file a post-conviction petition within one hundred eighty days after either the trial transcript or supplemental transcript of proceedings was filed. With regard to the successive post-conviction petition, as argued by the State, the trial court correctly concluded Appellant's petition lacked merit as it failed to set forth any allegations meeting the requirements of R.C. 2353.23, which provides:
 "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petition unless both of the following apply:
Either of the following applies:
 The petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief.
 Subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentence hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
Accordingly, the decision of the trial court is sua sponte affirmed. No costs assessed as appellant's indigency is a matter of record.
Donofrio, J., Waite, J., and DeGenaro, J., concurs.